ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.
MAY -3 2004
LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV. NO. |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) ) | 4:04-CV-109 -HLM |
| Defendant. | ) ) | |

## COMPLAINT

The United States of America alleges that:

1. This action is brought by the Attorney General on behalf of the United States to enforce Title II of the Civil Rights Act of 1964 (Public Accommodations Act), 42 U.S.C. § 2000a et seq.

### Jurisdiction

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-5(a) and 28 U.S.C. § 1345.

3. Venue is proper in the Northern District of Georgia because the claims alleged herein arose, in part, in this District and the Defendant does business in this District.

## Parties

4. Defendant Cracker Barrel Old Country Store, Inc. is a Tennessee corporation that is registered with the State of Georgia as a foreign corporation and does business in the Northern District of Georgia.

5. Defendant operates a chain of more than 460 full-service restaurants in more than 40 states. Defendant's restaurants, which operate under the name Cracker Barrel Old Country Store, are principally engaged in the selling of food to be eaten on the premises.

6. Cracker Barrel Old Country Stores are places of public accommodation within the meaning of 42 U.S.C. § 2000a(b)(2).

7. Cracker Barrel Old Country Stores serve, or offer to serve, persons who are interstate travelers.

8. Cracker Barrel Old Country Stores affect commerce within the meaning of 42 U.S.C. § 2000a(c)(2).

## Title II Violations

9. Since at least 1993, Defendant has engaged in a pattern or practice of denying to African Americans, on the ground of race or color, the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations, on the

same basis as it makes such available to individuals who are not African-American.

10. Defendant has engaged in a pattern or practice of discrimination by allowing white servers employed by Cracker Barrel to refuse to wait on African-American customers. In many instances, Cracker Barrel managers have participated in such refusals by directing other employees, who were not assigned to those tables, to wait on African-American customers, or tolerated such refusals.

11. Defendant has engaged in a pattern or practice of discrimination by segregating customers by race, including, in some locations, restricting African-American customers to the smoking section of the restaurant. In many instances, Cracker Barrel managers have directed employees to segregate customers by race, participated in the segregation of customers by race, or tolerated such segregation.

12. Defendant has engaged in a pattern or practice of discrimination by seating white customers before African-American customers, when the African-American customers had arrived at the restaurant before the white customers. In many instances, Cracker Barrel managers have directed Cracker Barrel employees to seat white parties before African-American parties, participated in such seating practices, or tolerated such seating practices.

13. Defendant has engaged in a pattern or practice of discrimination by providing inferior service to African-American customers, including delaying service to African-American customers after they have been seated. In many instances, Cracker Barrel managers have directed servers and other staff to provide inferior or delayed service to African-American customers, participated in the provision of such service, or tolerated the provision of such service.

14. Defendant has engaged in a pattern or practice of discrimination by treating African Americans who complained about the quality of Cracker Barrel's food or service less favorably than white customers who complained about the quality of the food or service. Cracker Barrel managers have treated complaints from African-American customers less favorably than complaints from white customers.

15. In summary, Defendant's pattern, practice, and/or policy of discrimination has been carried out, among other ways, as follows:

    A. providing African-American customers and potential customers with goods and services on different and less favorable terms and conditions than the terms and conditions of service for white customers and potential customers;

    B. segregating African-American customers, often to

      less desirable tables than those offered to white customers; and/or

    C. refusing or delaying service to African-American customers because of their race.

16. During this time period, Cracker Barrel has failed to implement effective policies or procedures, such as training and corporate oversight, sufficient to prevent and address customer discrimination on the basis of race or color.

17. Defendant's discriminatory conduct described in paragraphs 9-15 above has occurred at Cracker Barrel restaurants throughout Alabama, Georgia, Louisiana, Mississippi, North Carolina, Tennessee, and Virginia, and has also occurred in other Cracker Barrel restaurants in other states. This discriminatory conduct has occurred at more than 30% of the approximately 155 Cracker Barrel locations in those seven states. This discriminatory conduct in many cases included the direction, participation or acquiescence of Cracker Barrel managers.

18. Defendant's conduct described in Paragraphs 9-16 constitutes a pattern or practice of resistance to the full and equal enjoyment by African Americans of rights secured by 42 U.S.C. § 2000a *et seq.*, and the pattern or practice is of such a nature and is intended to deny the full exercise of such rights.

**Prayer for Relief**

WHEREFORE, the United States requests that the Court enter an Order:

1. Declaring that the discriminatory practices and policies of Defendant violate Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.;

2. Enjoining Defendant, its employees, agents, and successors, and all other persons in active concert or participation with them, from engaging in any act or practice which, on the ground of race and/or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq.; and

3. Requiring Defendant, its employees, agents, and successors, and all other persons in active concert or participation with any of them to take such affirmative steps as may be necessary to remedy the past unlawful conduct.

The United States further prays for such additional relief as the interests of justice may require.

WILLIAM S. DUFFEY, JR.
United States Attorney

By: AMY L. BERNE
   (Ga. Bar No. 006670)
   LAURA S. KENNEDY
   Assistant United States
     Attorneys
   75 Spring Street, SW
   Room 600
   Atlanta, GA 30303
   (404) 581-6261
   (404) 581-6150 (fax)

JOHN ASHCROFT
Attorney General

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Housing and Civil
  Enforcement Section
Civil Rights Division

DONNA M. MURPHY
Deputy Chief
Housing and Civil
  Enforcement Section

DEBORAH A. GITIN
ALLEN W. LEVY
NANCY F. LANGWORTHY
Trial Attorneys
Housing and Civil
  Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
(202) 305-2020

(202) 514-1116 (fax)